**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4100**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JAAMAL ANTONIO COTMAN, a/k/a Jamaal A. Cotman,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.   (3:10-cr-00185-HEH-1)

Submitted:  November 29, 2011        Decided:  December 20, 2011

Before SHEDD, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew W. Greene, GREENE LAW GROUP, PLLC, Fairfax, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaamal Antonio Cotman was convicted of interference with commerce by threats and violence, and aiding and abetting in violation of 18 U.S.C. § 1951 (2006) (attempted robbery) (Count 1); discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), (d) (2006) (Count 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (2006) (Count 3). Cotman was sentenced to a total of 240 months of imprisonment. On appeal, he raises one issue: whether the district court erred by denying his motion for acquittal for his § 1951 Hobbs Act conviction. For the reasons that follow, we affirm.

Cotman's issue turns on whether the Government proved he attempted to rob a drug dealer — which was the conduct underlying his § 1951 conviction. We review de novo a denial of a motion for acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). We have defined substantial evidence as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. Alerre, 430 F.3d

2

at 693; see United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).

Here, the jury heard evidence that Cotman and Carl Phillips exchanged gun fire during what Phillips described as an attempted robbery. Phillips was an illegal marijuana dealer. Moreover, a fellow inmate testified that Cotman told him of the attempted robbery of "Weed Man," as Phillips was known. Based on this testimony, and the supporting forensic evidence, we find that the jury could have properly determined that Cotman attempted to rob Phillips. Alerre, 430 F.3d at 693; United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) (noting that this court does not review credibility). We have previously held that a robbery of a drug dealer is sufficient to establish the interstate commerce element of a § 1951 conviction. See United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003). Thus, we find no error in the district court's denial of Cotman's motion for acquittal.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3